Emanuel JOHNSON, Jr., Plaintiff,

v.

John ASHCROFT et al., Defendants.

Civil Action No. 00–2743(RMU).

United States District Court,
District of Columbia.

Sept. 23, 2002.

Emanuel Johnson, Jr., Woodbridge, VA, pro se Plaintiff.

G. Michael Harvey, U.S. Department of Justice, Teresa J.A. Quon, Corporation Counsel, Washington, DC, for Defendants.

## MEMORANDUM ORDER

URBINA, District Judge.

### DENYING THE PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

#### I. INTRODUCTION

Mr. Emanuel Johnson, Jr. brings this lawsuit, *pro se*, for damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16 *et seq.* Mr. Johnson claims that his former employers, the Federal Bureau of Investigation ("FBI") and the District of Columbia Office of the Inspector General ("OIG"), discriminated against him on the basis of his race and retaliated against him for previous Equal Employment Opportunity ("EEO") activity. The defendants are as follows: (1) defendants John Ashcroft and J.C. Carter, named in their official capacities as U.S. Attorney General and Director of the FBI's Washington Field Office, respectively (collectively, the "federal defendants"); and (2) defendants Anthony A. Williams, Charles C. Maddox, and Austin Anderson, named in their official capacities as Mayor of the District of Columbia, Inspector General of the District of Columbia, and Deputy Inspector General, respectively (collectively, the "D.C. defendants").

This case is now before the court on the plaintiff's motion, pursuant to Federal Rule of Civil Procedure 60(b)(6), for relief from the court's June 21, 2001 Memorandum Opinion. In the Memorandum Opinion, the court granted the federal defendants' motion to dismiss and granted in part the D.C. defendants' motion to dismiss, dismissing the claims against defendants Anthony Williams and Austin Anderson. As such, D.C. defendant Charles C. Maddox is the only remaining defendant. In the motion for relief from the court's June 21, 2001 judgment, the plaintiff asks the court to reinstate the dismissed defendants. For the reasons

that follow, the court denies the plaintiff's motion.

## II. ANALYSIS

### A. Legal Standard for Relief From Judgment Pursuant to Rule 60(b)(6)

In its discretion, a district court may relieve a party from an otherwise final judgment, order or proceeding under six circumstances enumerated in Rule 60(b). FED.R.CIV.P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311–12 (D.C.Cir.1986). To determine if a decision constitutes a final judgment, courts must ascertain whether it amounts to "a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and whether it is 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Curtiss–Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (citations omitted).

Here, the plaintiff specifically requests relief pursuant to Rule 60(b)(6). This provision permits a party, within a reasonable time, to seek relief from a judgment or order for "any ... reason justifying relief from the operation of judgment." FED. R.CIV.P. 60(b)(6). "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997). This sixth provision of Rule 60(b) should be used sparingly and applied only in "extraordinary circumstances." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*,

507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

### B. The Plaintiff Has Not Demonstrated Extraordinary Circumstances that Merit Relief from the Court's Judgment

While the Memorandum Opinion does not constitute a final judgment of the entire case, it is a final judgment on the claims against the federal defendants and the claims against D.C. defendants Williams and Anderson. Thus, review pursuant to Rule 60(b)(6), as requested by the plaintiff, is proper. *Curtiss–Wright Corp.*, 446 U.S. at 7, 100 S.Ct. 1460. The plaintiff, however, has failed to demonstrate any reason that justifies relief from the court's Memorandum Opinion. FED. R.CIV.P. 60(b).

In support of his motion for relief from judgment, the plaintiff attached two letters: (1) a March 28, 2000 letter from the plaintiff to the Equal Employment Opportunity Commission; and (2) an April 18, 2000 response letter to the plaintiff from the Office of Professional Responsibility ("OPR") of the Department of Justice ("DOJ") acknowledging the plaintiff's criticisms of FBI employee (and now defendant) J.C. Carter. Pl.'s Mot. Exs. 1, 2. The plaintiff's strongest argument[1] for relief from judgment pursuant to Rule 60(b)(6) is that his March 28, 2000 letter and the OPR April 18, 2000 letter demonstrate that he charged both the District of Columbia and the FBI with retaliation and thereby exhausted his administrative remedies. While the plaintiff's March 28, 2000 letter does reference questionable behavior by defendant Carter, it states only that the

---

1. The plaintiff also offers intervening developments of law from other circuits as a basis for relief from judgment. Pl.'s Mot at 3–5. The new law presented by the plaintiff is not directly relevant and thus does not merit relief from judgment. FED.R.CIV P. 60(b); *Agostini*,

521 U.S. at 239, 117 S.Ct. 1997. The plaintiff offers a third ground for relief, regarding his intent to name the District of Columbia as a defendant, which is not entirely clear. Pl.'s Mot at 7.

plaintiff intended to file a complaint against the District of Columbia, and never mentions an intent to file against the FBI. *Id.* Ex. 1. In addition, the OPR letter only demonstrates that OPR, but not the EEO office of the FBI or DOJ[2], was on notice of the plaintiff's allegations of retaliation by defendant Carter. *Id.* Ex. 2.

Unless the facts are so critical to the litigation that their absence caused the initial judgment to be manifestly unjust, the court cannot grant a Rule 60(b) motion merely because the plaintiff failed to present facts helpful to his cause when he had the chance. *Good Luck Nursing Home, Inc. v. Harris,* 636 F.2d 572, 577 (D.C.Cir. 1980). The plaintiff argues that his March 28, 2000 letter should serve as his administrative complaint against the FBI. As noted, however, that letter mentions only a complaint against the District of Columbia. This circuit requires plaintiffs to exhaust administrative remedies by *filing a sworn administrative complaint. Park v. Howard Univ.,* 71 F.3d 904, 908–09 (D.C.Cir. 1995). In *Park,* the D.C. Circuit refused to permit a pre-complaint questionnaire to serve as an administrative charge, largely because it was not sworn and there was no evidence that the defendant had received notice of the claims in the questionnaire. *Id.* Here, the plaintiff claims, without providing evidence to support the claim, that his letter was sworn and that the OPR letter demonstrates that the FBI's EEO office was on notice. Pl.'s Reply at 5. As this case is no longer at the motion to dismiss state, and the plaintiff's new claims are not in his complaint, the plaintiff's unproven claims and assumptions do not merit reopening the closed portion of the case. *Park,* 71 F.3d at 908–09. In this case, the new letters may be relevant but the plaintiff has not provided the court with sufficient information to determine that the facts are "so central to the litigation that [they] show[ ] the initial judgment to have been manifestly unjust." *Good Luck Nursing Home,* 636 F.2d at 577.

In addition, the plaintiff provided the letters to the court eight months after the judgment, rather than three months after the judgment as in *Good Luck Nursing Home.* Id. The plaintiff never explains why he waited eight months to provide the letters to the court rather than using them in his opposition to the motions to dismiss. Asking the court to reinstate defendants that were dismissed eight months before the plaintiff filed his motion for relief from the judgment counters the requirement that at some point, litigation must end, and the delay is highly prejudicial to the dismissed defendants. *Id.* In sum, the plaintiff has not provided the court with any extraordinary circumstances that would justify granting the plaintiff's 60(b)(6) motion.

Accordingly, it is this—day of September 2002,

**ORDERED** that the plaintiff's motion for relief from judgment is **DENIED.**

**SO ORDERED.**

---

2. The FBI is a component of the DOJ.